IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIELLE OCHMAN, et al., | : | |
|     Plaintiffs | : | No. 3:12-cv-88 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| WYOMING SEMINARY, | : | |
|     Defendant | : | |

## MEMORANDUM

Presently pending before the Court are Defendant Wyoming Seminary's motion to dismiss and compel arbitration (Doc. No. 30) and Plaintiffs' motion to stay arbitration pending litigation (Doc. No. 3). For the reasons that follow, the Court will grant Defendant's motion to dismiss, but will not compel arbitration. The Court will also deny Plaintiffs' motion to stay arbitration.

## I.    BACKGROUND

Plaintiffs Danielle and Joseph Ochman, Jr., individually and on behalf of their son Daniel Ochman, and Daniel Ochman in his own right, initiated this action by filing a complaint on January 3, 2012. (Doc. No. 1.) On January 26, 2012, Plaintiffs filed a motion to stay arbitration, and on January 31, 2012, Plaintiffs filed an amended complaint. (Doc. No. 4.) On May 18, 2012, the Court granted Plaintiffs twenty-one days in which to file an amended complaint, in order to properly allege diversity jurisdiction. (Doc. No. 28.) On June 8, 2012, Plaintiffs filed a second amended complaint. (Doc. No. 29.)

According to their second amended complaint,[1] Plaintiff Daniel Ochman sought to attend

---

[1] In reviewing the motion to dismiss, the Court will accept Plaintiffs' factual allegations as true and will "consider only the allegations in the complaint, exhibits attached to the

1

a post-graduate program after high school to improve his chances of attending a four-year institution as a music major. Defendant Wyoming Seminary, a private college preparatory school, made a variety of representations to the Ochmans about its post-graduate program. It offered Daniel an invitation to matriculate, which he accepted. Although the enrollment agreement between Joseph and Danielle Ochman and Wyoming Seminary contained a mandatory arbitration provision, Plaintiffs allege that it was a contract of adhesion.

Plaintiff Daniel Ochman matriculated at Wyoming Seminary in August of 2010, and shortly thereafter Plaintiffs came to believe that he was not receiving the attention, guidance, or programming he was initially promised. Plaintiffs had expressed to Wyoming Seminary that Daniel needed "an academic environment that would allow him to grow, mature, and become more self-confident," and Wyoming Seminary "indicated that there would be guidance and encouragement for Daniel from start to finish." (Doc. No. 29 ¶¶ 12, 30.) Instead, it became clear that nobody at Wyoming Seminary had read or appreciated Daniel's application nor appraised themselves of Daniel's particular strengths or weaknesses. Among other issues, Daniel's dormitory room was separated from the other post-graduate students, his college counselor failed to provide any guidance for him, he was transferred out of his only music class, and was allowed to skip classes. Daniel was floundering at Wyoming Seminary and his teacher advisor even informed him that he should "just go home." (Id. at ¶ 51.) And, despite Plaintiff Danielle Ochman's repeated attempts to get help for her son, none was forthcoming. Daniel left Wyoming Seminary in November of 2010.

---

complaint, matters of public record, and documents that form the basis of a claim." Lum v. Bank of Am., 361 F.3d 217, 221 n.3 (3d Cir. 2004); see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).

On January 3, 2012, Plaintiffs filed their original complaint in the Middle District of Pennsylvania, which brought claims under the Rehabilitation Act of 1973 and the Americans with Disabilities Act of 1990. On January 26, 2012, Plaintiffs moved to stay arbitration pending litigation. On January 31, 2012, Plaintiffs filed an amended complaint, which solely alleged a state-law breach-of-contract claim and invoked the Court's diversity jurisdiction under 28 U.S.C. § 1332. Wyoming Seminary moved to dismiss the amended complaint for lack of subject matter jurisdiction, arguing that diversity jurisdiction did not exist because the case failed to meet the $75,000 amount-in-controversy requirement set out in Section 1332(a). On May 18, 2012, this Court dismissed the amended complaint with leave to submit a further amended complaint within twenty-one days.

Plaintiffs filed their second amended complaint on June 8, 2012, alleging two state-law breach of contract claims, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. First, Daniel Ochman claims that Wyoming Seminary breached its implied-in-fact contract with him and seeks compensatory damages, economic damages, consequential damages, and delayed income in an amount in excess of $75,000. Second, Plaintiffs Joseph and Danielle Ochman claim that Wyoming Seminary breached its contract with them because it failed to provide the represented educational services to their son. They seek damages of $29,212.89, the amount that they paid Wyoming Seminary in tuition. Wyoming Seminary moves to dismiss the second amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Wyoming Seminary also moves to compel arbitration pursuant to the enrollment agreement it entered into with Plaintiffs.

## II. LEGAL STANDARD

### A. Failure to State A Claim

A motion to dismiss for failure to state a claim, filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, tests the legal sufficiency of the complaint, Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In reviewing a motion to dismiss, a court may "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Lum, 361 F.3d at 221 n.3. The motion will only be properly granted when, taking all factual allegations and inferences drawn therefrom as true, the moving party is entitled to judgment as a matter of law. Markowitz v. Ne. Land Co., 906 F.2d 100, 103 (3d Cir. 1990). The burden is on the moving party to show that no claim has been stated. Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980). Thus, the moving party must show that Plaintiff has failed to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist." Kost, 1 F.3d at 183 (citations omitted). A court, however, "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906, 908 (3d Cir. 1997). While the 12(b)(6) standard does not require "detailed factual allegations," there must be a "'showing,' rather than a blanket assertion of entitlement to relief. . . . '[F]actual allegations must be enough to raise a right to relief above the speculative level.'" Phillips, 515 F.3d at 231-32 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Put otherwise, a civil complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1955 (2009)).

B.    **Subject-Matter Jurisdiction**

A motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure does not necessarily follow the same standard of review as the more often considered 12(b)(6) motion. If the challenge to subject-matter jurisdiction relies on a facial attack of the pleadings, "the court must consider the allegations of the complaint as true," as it would with a motion to dismiss under 12(b)(6). Mortensen v. First Federal Savings & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). A motion that challenges "the existence of subject matter jurisdiction in fact, quite apart from any pleadings," however, does not require a court to consider all allegations of the complaint as true because the court must weigh the evidence to ensure that it has the power to hear the case. Mortensen, 549 F.2d at 891 ("In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."). Where the existence of subject-matter jurisdiction is attacked in fact, the plaintiff, not the moving party, has the burden of proof that the court has jurisdiction over the controversy before it. Id.

District courts have subject-matter jurisdiction over federal questions pursuant to 28 U.S.C. § 1331, in which Congress grants courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." District courts also have subject-matter jurisdiction over cases where there is complete diversity of citizenship among the parties and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," pursuant to 28 U.S.C. § 1332(a).

**III.    DISCUSSION**

Defendant moved to dismiss both counts of Plaintiffs' second amended complaint. Defendant argues that Count One should be dismissed for failure to state a claim, and that Count Two should be dismissed as the Court lacks subject-matter jurisdiction over it. The Court will address each claim in turn.

**A.    Count One: Breach of Implied-in-Fact Contract**

In Count One of the second amended complaint, Plaintiff Daniel Ochman alleges that he entered into an implied-in-fact contract with Defendant Wyoming Seminary, through his parents. (Doc. No. 29 ¶ 75.) He claims that Wyoming Seminary breached that contract and seeks compensatory damages, economic damages, consequential damages, and delayed income in an amount exceeding $75,000. (Id. ¶¶ 78-79.) Wyoming Seminary moves to dismiss count one for failure to state a claim pursuant to Rule 12(b)(6), arguing that the express contract for educational services it entered into with Plaintiff Daniel Ochman's parents precludes the existence of an implied-in-fact contract for educational services with him. The Court agrees.

An implied-in-fact contract is an actual contract where the parties agree, but their intention is inferred from their conduct in the light of the surrounding circumstances, instead of being expressed in words. Elias v. Elias, 237 A.2d 215, 217 (Pa. 1968) (citing Cameron v. Eynon, 3 A.2d 423, 424 (Pa. 1939)). An implied-in-fact contract is "a true contract arising from mutual agreement and intent to promise, but where the agreement and promise have not been verbally expressed." In re Pa. Cent. Transp. Co., 831 F.2d 1211, 1228 (3d Cir. 1987) (citing Balt. O.R.R. v. United States, 261 U.S. 592, 597 (1923)). "The elements necessary to form an implied-in-fact contract are identical to those required for an express agreement." Id. at 1228.

6

The United States Court of Appeals for the Third Circuit has held that "[t]here cannot be an implied-in-fact contract if there is an express contract that covers the same subject matter." Baer v. Chase, 392 F.3d 609, 616-17 (3d Cir. 2004) (citing In re Pa. Transp. Cent. Co., 831 F.2d at 1229-30); see also Mill Run Assocs. v. Locke Prop. Co., Inc., 282 F. Supp. 2d 278, 293 (E.D. Pa. 2003) ("No implied-in-fact contract can be found [under Pennsylvania law] when the parties have an express agreement dealing with the same subject.").

Plaintiff Daniel Ochman claims that Wyoming Seminary breached the implied-in-fact contract for educational services to which he, through his parents, entered with the school. (Doc. No. 29 ¶¶ 75, 78, 85.) In June 2010, Daniel's parents signed an enrollment agreement with Wyoming Seminary for the 2010-2011 school year. (Id. at Exh. D.) They allege that the enrollment agreement is both procedurally and substantively unconscionable because they did not agree to its mandatory arbitration provision. (Id. ¶ 36.) They further allege that the enrollment agreement, a "standard form contract prepared by Wyoming Seminary," is a contract of adhesion because they had "no input, choice, or discussion about its terms." (Id. ¶ 37.)

"Unconscionability is a 'defensive contractual remedy which serves to relieve a party from an unfair contract or from an unfair portion of a contract.'" Harris v. Green Tree Fin. Corp., 183 F.3d 173, 181 (3d Cir. 1999) (quoting Germantown Mfg. Co. v. Rawlinson, 491 A.2d 138, 145 (Pa. Super. Ct. 1985)). "The party challenging a contract provision as unconscionable generally bears the burden of proving unconscionability." Id. Proving that a contract is unconscionable "requires a two-fold determination: that the contractual terms are unreasonably favorable to the drafter and that there is no meaningful choice on the part of the other party regarding acceptance of the provisions." Worldwide Underwriters Ins. Co. v. Brady, 973 F.2d

7

192, 196 (3d Cir. 1991) (citing Koval v. Liberty Mut. Ins. Co., 531 A.2d 487, 491 (Pa. Super. Ct. 1987)); see also Denlinger, Inc. v. Dendler, 608 A.2d 1061, 1068 (Pa. Super. Ct. 1992) ("[F]or a contract or a term to be unconscionable, the party signing the contract must have lacked a meaningful choice in accepting the challenged provision. Second, the challenged position must 'unreasonably favor' the party asserting it."). In other words, the contract provision must be both "substantively" and "procedurally" unconscionable for a court to find it unenforceable. Alexander v. Anthony Int'l, L.P., 341 F.3d 256, 265 (3d Cir. 2003).

"Procedural unconscionability pertains to the process by which an agreement is reached . . . ." Harris, 183 F.3d at 181. Procedural unconscionability is generally found where the agreement is a contract of adhesion. Alexander, 341 F.3d at 265. An adhesion contract is one where "the parties are not of equal bargaining power and the weaker party, usually the buyer, must adhere to the terms of the form contract if he wants to purchase the goods or services at all." Brokers Title Co. v. St. Paul Fire & Marine Ins. Co., 610 F.3d 1174, 1179 (3d Cir. 1979). Thus, "[a]dhesion contracts are no more than an offer by one party to the other on a 'take it or leave it' basis." Id. Whether a contract is one of adhesion "must be determined on an individual basis, in light of the particular circumstances and parties involved." Denlinger, 608 A.2d at 1067 (citing Commonwealth v. Monumental Props., Inc., 314 A.2d 333, 339 (Pa. Commw. Ct. 1973)).

Substantive unconscionability is found where the terms of an arbitration provision or a contract "unreasonably favor" the party with the greater bargaining power. Denlinger, 608 A.2d at 1068. Essentially, an arbitration provision is substantively unconscionable if it "create[s] an arbitration procedure that favors one party over another." Johnson v. W. Suburban Bank, 225 F.3d 366, 378 n.5 (3d Cir. 2000).

8

Plaintiffs do not explain how the enrollment agreement signed by Plaintiffs Joseph and Danielle Ochman was substantively unconscionable, but rather focus solely on its procedural unconscionability. They allege that the agreement, a standard form contract drafted by Wyoming Seminary, is an adhesion contract because they "had no input, choice, or discussion about its terms," especially the mandatory arbitration provision. (Doc. No. 29 ¶¶ 36-37). Viewing these allegations as true and in the light most favorable to Plaintiffs, they have sufficiently alleged that the enrollment agreement was procedurally unconscionable.

Plaintiffs cannot prevail, however, unless they can also demonstrate that the terms of the enrollment agreement were substantively unconscionable. The only term of the agreement that Plaintiffs discuss is the arbitration clause, which mandates that "[a]ny disputes or controversies arising under this agreement shall be subject to arbitration pursuant to the Commercial Rules of the American Arbitration Association." (Id., Exh. D.) Plaintiffs' second amended complaint recites the clause, alleges that there was no agreement concerning the provision, and concludes that the agreement is both substantively and procedurally unconscionable. (Id. ¶¶ 35-36.) The claim of substantive unconscionability, however, is supported by conclusory statements instead of factual allegations. As the Court does not have to accept a complaint's legal conclusions, Plaintiffs have failed to allege that the enrollment agreement was substantively unconscionable.

Even if Plaintiffs sufficiently alleged that the agreement was substantively unconscionable, their claim of unconscionability would fail as a matter of law. Under Pennsylvania law, unambiguous writings are interpreted courts as a question of law. Brokers Title Co., 610 F.2d at 1178 (citing Cmty. Coll. v. Soc'y of the Faculty, 375 A.2d 1267, 1275 (Pa. 1977)). The terms of the enrollment agreement are unambiguous and clearly state that any

9

disputes or controversies arising under the agreement shall be subject to binding arbitration.  The arbitration procedure laid out in the provision does not favor one party and therefore is not substantively unconscionable.  See Johnson, 225 F.3d at 378 n.5.

Because Plaintiffs have not sufficiently alleged that the enrollment agreement between Plaintiffs Joseph and Danielle Ochman and Defendant Wyoming Seminary is unconscionable, the agreement is valid and enforceable.  The enrollment agreement covers the same subject matter – educational services – as the implied-in-fact contract Plaintiff Daniel Ochman alleges to have entered into with Defendant Wyoming Seminary.  (Doc. No. 29 ¶¶ 33, 75, 78, 90, Exh. D.) And because there cannot be an implied-in-fact contract under Pennsylvania law if there is an express contract covering the same subject matter, Mill Run Assocs., 282 F. Supp. 2d at 293, the existence of the enrollment agreement precludes the existence of the alleged implied-in-fact contract.  Accordingly, Count One of the second amended complaint will be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiffs will not be permitted the opportunity to amend their complaint. Although the Third Circuit has instructed that a district court must permit a curative amendment if a complaint is vulnerable to a 12(b)(6) dismissal, a court need not grant leave to amend if amendment would be inequitable or futile.  Phillips, 515 F.3d at 237; Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (citing Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000)).  Amendment would be futile because the enrollment agreement is not unconscionable as a matter of law. Therefore, count one will be dismissed with prejudice.

### B. Count Two: Breach of Express Contract

In Count Two of the second amended complaint, Plaintiffs Joseph and Danielle Ochman

10

allege that Defendant Wyoming Seminary breached its contract with them because it failed to provide the represented educational services to their son. They seek damages in the amount of $29,212.89, the amount paid to Wyoming Seminary in tuition. Even if every factual allegation in Count Two is true, the Court must dismiss the second amended complaint for lack of subject-matter jurisdiction because the case fails to meet the $75,000 amount-in-controversy requirement of 28 U.S.C. § 1332(a).

When jurisdiction is predicated on diversity of citizenship, a matter must be between citizens of different states and "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). In cases where the relevant facts are not in dispute, the Third Circuit has directed district courts to apply a legal certainty test, requiring a case be dismissed where "it appears to a legal certainty that the plaintiff was never entitled to recover the jurisdictional amount." Frederico v. Home Depot, 507 F.3d 188, 194 (3d Cir. 2007). Here, it is undisputed that Plaintiffs Joseph and Danielle Ochman only seek damages of $29,212.89 for their beach-of-contract claim against Wyoming Seminary. As it appears to a legal certainty that Plaintiffs were never entitled to recover the jurisdictional amount, Count Two and the second amended complaint will be dismissed for lack of subject-matter jurisdiction. Accordingly, the Court will also deny Plaintiffs' motion to stay arbitration pending litigation (Doc. No. 3) and Defendant's motion to compel arbitration (Doc. No. 30) as moot.

### IV. CONCLUSION

Because his parents' express contract with Defendant Wyoming Seminary for educational services precludes the existence of an implied-in-fact on the same subject matter, count one will be dismissed with prejudice. Because Plaintiffs Joseph and Danielle Ochman's

11

claim for breach of contract fails to meet the amount in controversy required to invoke this Court's diversity jurisdiction, count two will be dismissed, and the entire second amended complaint will be dismissed.

An order consistent with this memorandum follows.

IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIELLE OCHMAN, <u>et al.</u>, | : | |
|     Plaintiffs | : | No. 3:12-cv-88 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| WYOMING SEMINARY, | : | |
|     Defendant | : | |

## ORDER

**AND NOW**, on this 29th day of November 2012, in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT** Defendant's motion to dismiss and compel arbitration (Doc. No. 30) is **GRANTED IN PART**. The motion is granted to the extent that it seeks to dismiss Plaintiffs' second amended complaint (Doc. No. 29) but denied to the extent that it seeks to compel arbitration.

**IT IS FURTHER ORDERED THAT** Plaintiffs' second amended complaint (Doc. No. 29) is **DISMISSED** and Plaintiffs' motion to stay arbitration (Doc. No. 3) is **DENIED AS MOOT**.

The Clerk of Court is directed to close the case.

                                            S/ Yvette Kane
                                            Yvette Kane, Chief Judge
                                            United States District Court
                                            Middle District of Pennsylvania